## Williams v. Triangle Publications, Inc.

*Ralph P. Higgins* and *Barnie F. Winkelman*, for plaintiff.

*Harold E. Kohn* and *Louis G. Hill*, for defendant.

CHUDOFF, J., September 28, 1959.—This matter comes before the court on defendant's preliminary objections to plaintiff's complaint for libel and its motions for production of documents and inspection of plaintiff's place of business under Pa. R.C.P. 4009(1) and (2).

Defendant preliminarily objects to plaintiff's complaint because it sets forth a claim for unliquidated damages in specific amounts. Defendant's motions for production of certain documents and inspection of plaintiff's place of business is based on the theory that they are needed in the preparation of defendant's case, and further that the documents are not privileged.

Without too lengthy a discussion relating to the preliminary objections, Pa. R.C.P. 1044(b), as amended September 1, 1958, specifically provides the following:

"Any pleading demanding relief for unliquidated damages shall without claiming any specific sum, set forth only whether the amount is in excess of, or not in excess of $5,000."

In paragraph 13 of his complaint plaintiff sets forth various amounts for unliquidated damages included with three separate demands for damages in amounts in excess of $5,000. In this respect the pleadings are in direct contradiction to the Pennsylvania Rules of Civil Procedure and should be amended to conform thereto.

In its motions under rule 4009, defendant seeks inspection of plaintiff's records for a period of four years prior to the alleged libelous article, more particularly defendant demands to examine plaintiff's Federal income tax returns and to determine from plaintiff's records from whom he purchased magazines and other literature, and to whom he sold the merchandise. Defendant also seeks to inspect copies of all magazines and other literature sold during this four-year period, or if the copies are unavailable, then the names of the

magazines and the names and addresses of the publishers and dates of each issue. In conjunction with the inspection of the documents, defendant also finds it necessary to inspect plaintiff's place of business under rule 4009 (2).

In the court's opinion, plaintiff's refusal to permit this discovery is totally unjustified, and an appropriate order should be entered. His position would seem to have no support whatsoever since the modification of the Discovery Rules of Civil Procedure by the Supreme Court, effective July 1, 1954. Prior to such amendment Pa. R.C.P. 4011 (c) did prohibit discovery which would disclose facts which, inter alia, are known to petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have, and further prohibited discovery which would disclose facts or location of tangible things which "are not competent or admissible as evidence and not necessary to prepare the pleadings or prove a prima facie claim or defense of the petition." However, that subsection of rule 4011 was entirely deleted by the 1954 amendments.

Subject to the limitations provided by rule 4011, inspections of land, or other property in the possession or control of a party may be made regarding any matter, not privileged, which is *relevant* to the subject matter involved in the action and will *substantially aid* in the preparation or trial of the case.

Under this language, and there being no pretense that the limiting provisions of *present* rule 4011 have any effect in the instant case, the sole problem is whether or not the information defendant seeks of plaintiff is (1) relevant to the subject matter of the action, and (2) will substantially aid him in the preparation or trial thereof. The affirmative answer to both of these questions is self-evident from the mere statement thereof, and so long as the Supreme Court retains the language of the present rules, there is no

need to labor the point or to debate whether or not counsel should be able to obtain an advance "script of the trial" from the opposition or whether it is desirable to have "trial by discovery."

Here, defendant lacks essential information to set forth in adequate terms his defense of truth to the alleged libel. Defendant must know whether or not plaintiff has been buying, selling or possessing obscene literature before it can aver this defense. The facts necessary to support a plea of truth can only be obtained from plaintiff's own records and place of business. Plaintiff would frustrate defendant in his effort to set forth such a defense. To prevent such frustration is one of the purposes of these rules.

Without exception, the authorities relied upon by plaintiff were decisions applying to pre-1954 provisions of Pa. R. C. P. 4011(c). The court believes that these cases and also Jones v. Cen-Penn Food Appliance Service, Inc., 2 D. & C. 2d 57, and Kulbacki v. Seybold, 4 D. & C. 2d 330, both decided by Judge Sohn for Dauphin County court, which are additional cases similarly restricting the broad language of the Supreme Court Rules, are too narrow in their interpretation, and the court declines to follow them. On the other hand, there are many decisions which do recognize what we deem to be the enlarged scope of discovery authorized by the 1954 rules, the discussions in which the court cannot improve upon and to which we fully subscribe: Zeldin v. Penn Fruit Company, 89 D. & C. 313; Robbins v. Lashner, 1 D. & C. 2d 302; Schiavo v. Caplo, 1 D. & C. 2d 623; Pottstown Lincoln Mercury, Inc., v. Montgomery County Auto Sales, Inc., 2 D. & C. 2d 346; Troutner v. Philadelphia Transportation Company, 5 D. & C. 2d 545; Eisenberg v. Penn Traffic Company, 6 D. & C. 2d 364; Stebelski v. Philadelphia Transportation Company, 6 D. & C. 2d 627; McLaughlin v. Moore, 10 D. & C. 2d 257.

It is this court's view that the purpose of discovery is to expedite litigation; its intent is not to provide an intermediate arena for jousting between pleading and trial. We feel that whether our rules are as liberal as the Federal court rules is of little moment. We are not unmindful of the comment in 5 Anderson Pa. Civ. Pract. 1956 Pocket Part, p. 49, that "neither party may obtain a script for the trial from the adverse party."

However, in spite of the comments on all sides that discovery in Pennsylvania is unlimited, which must be conceded, full effect must be given the language of the rules, subject only to the limitations expressly prescribed. Thus rule 4007 provides two broad requirements: "relevancy" and "substantial aid". These broad standards are circumscribed by express limitations. Any inspection may be had which does not violate one of the limitations. The court will be alert to enforce the limitations, particularly those that proscribe unreasonable investigation.

It is noteworthy that where discovery is attempted which violates one of the limitations, the courts have not hesitated to issue the proper protective order. See Shohola Feed & Grain Co. v. Hayden, 5 D. & C. 2d 62, Pa. R. C. P. 4011(*d*), evidence in contemplation of litigation; Berlin v. Brody, 4 D. & C. 2d 173, Pa. R. C. P. 4011(*e*), unreasonable investigation; Silverstein v. Kreitzer, 6 D. & C. 2d 259, Pa. R. C. P. 4007(*a*), information sought was not relevant.

The proper approach seems to be that which the court indicated in Bealla v. Zuba, 4 D. & C. 2d 545, that the party resisting discovery must establish facts indicating violations of one of the limitations of rule 4011. See also Eisenberg v. Penn Traffic Company, supra.

We therefore conclude that plaintiff in this case has not established a violation of the limitations of rule

4011. He therefore must permit the inspection requested by defendant which is relevant and afford it substantial aid.

## Order

And now, September 28, 1959:

(1) Defendant's preliminary objection is sustained. Plaintiff shall amend paragraph 13 of his complaint within 20 days.

(2) Plaintiff shall produce the following documents for inspection, copying or photostating, at a time and date mutually convenient to the parties and their counsel.

(a) The following records for the years 1956, 1957. 1958 and 1959 of plaintiff in any business, firm or partnership of which plaintiff is a member and any corporation which he dominates or controls or of which he directly or indirectly owns 50 percent or more of the stock:

1. Federal income tax returns.

2. Records of receipts derived from the sale of magazines and other literature.

3. Records of expenditures for purchase of magazines and other literature.

4. Records showing from whom and what companies magazines and literature were purchased.

5. Records showing to whom the magazines and other literature were sold and for what purpose.

(b) Copies of all magazines sold during the years 1956, 1957, 1958 and 1959. If no copies are obtained, then the names and addresses of the publisher and dates of each issue.

(3) Plaintiff is directed to permit defendant's attorneys or other representatives to inspect and photograph his place of business at 4304 Dexter Street, Philadelphia, and to examine magazines and literature located therein, at a time mutually convenient to the parties and their counsel.